UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CARL HOFFER,**
**RONALD MCPHERSON, and**
**ROLAND MOLINA, individually**
**and on behalf of a class of persons**
**similarly situated,**

    Plaintiff,

v.                                          Case No. 4:17-cv-00214-MW-CAS

**JULIE L. JONES, in her official**
**capacity as Secretary of the**
**Florida Department of Corrections,**

    Defendants.
_____/

## SECRETARY JONES' MOTION TO DISMISS

Defendant **Jones**, as Secretary of the Florida Department of Corrections ("FDOC"), through undersigned counsel and pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, moves this Court to dismiss counts II and III of the Verified Class Action Complaint for Injunctive Relief. [Doc. 1]  In furtherance thereof, Secretary Jones states the following:

Three inmates incarcerated in the FDOC – Carl Hoffer (DC#111369), Ronald McPherson (DC#111745), and Roland Molina (DC#500942) – have brought a

1

complaint claiming the FDOC's failure to provide them the most cutting edge Hepatitis C drugs, known as direct acting antiviral ("DAA") drugs, is a violation of the Eighth Amendment's prohibition of cruel and unusual punishment.[1]  [Doc. 1 at 37-39]  These inmates further claim that because they are not receiving the latest and most expensive treatment, they are being discriminated against based on their disability, which is having Hepatitis C ("HCV").  [Doc. 1 at 39-43]

## MEMORANDUM OF LAW

**Plaintiffs do not state claim under the Americans with Disabilities Act or under the Rehabilitation Act as their claims are based on a dispute about their course of treatment**

Plaintiffs' Complaint suffers from a fundamental defect – alleged improper medical treatment decisions cannot serve as the basis for claims under the Americans with Disabilities Act ("ADA").[2]  Numerous circuit courts have arrived at this conclusion, including the Eleventh Circuit Court of Appeals.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (ADA was never intended to apply to decisions involving medical treatment); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) (concluding that the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners"); Shelton v. Arkansas

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.

[2] Cash v. Smith, 231 F.3d 1301, 1305 n. 2 (11th Cir. 2000) ("Cases decided under the Rehabilitation Act are precedent for cases under the ADA, and vice-

2

Dep't of Human Servs., 677 F.3d 837, 843 (8th Cir. 2012) ("a claim based upon improper medical treatment decision[s] may not be brought pursuant to . . . the ADA"); Burger v. Bloomberg, 418 F.3d 882 (8th Cir. 2005) (ADA claim may not be based on medical treatment decisions); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) ("purely medical decisions . . . do not ordinarily fall within the scope of the ADA or the Rehabilitation Act").

Paragraph 158 of the Plaintiff's complaint is the crux of the ADA/RA counts:

> By withholding medical treatment from those with HCV, but not withholding medical treatment from those with other disabilities or those who are not disabled, Defendant FDC excludes Plaintiffs and the Plaintiff Class from participation in, and denies them the benefits of FDC services, programs, and activities (such as medical services), by reason of their disability. 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a).

[Doc. 1 at 40, ¶ 158]  However, it is clear treatment is not being withheld from the plaintiffs. The plaintiffs admit in their complaint treatment is being given for their HCV.  Mr. Hoffer's symptoms are being treated through antibiotics, diet, and paracentesis. [Doc. 1 at 25-26]  Mr. McPherson is enrolled in a chronic illness clinic and is being monitored by a doctor. [Doc. 1 at 28-30] Mr. Molina is being monitored by medical staff and his symptoms are being treated with Prednisone. [Doc. 1 at 32-34]  Thus, the true issue is what level of medical treatment[3] is required under the

---

versa.").

[3] It is axiomatic that the best and most cutting edge treatment is not required for prisoners.  Grubbs v. Bailey, 552 F.Supp 1052, 1123 (M.D.Tenn. 1982) (stating the

3

Constitution, not whether plaintiffs are being discriminated against by the care being provided by the FDOC. Plaintiffs' attempt to impose a standard of care on the FDOC's medical services through an ADA/RA cause of action [Doc. 1 at 11] is improper as suggested by the Supreme Court. Olmstead v. L.C. ex rel. Zimring, 527 U.S. 581, 603 n. 14 (1999) ("We do not in this opinion hold that the ADA imposes on the States a standard of care for whatever medical services they render, or that the ADA requires States to provide a certain level of benefits to individuals with disabilities.").[4]

In any event, the reason why medical treatment claims are insufficient under the Rehabilitation Act ("RA") is because allegations of discriminatory medical treatment do not fit into the four-element framework required by section 504. Schiavo ex rel. Schindler v. Schiavo, 358 F.Supp.2d 1161, 1166 (M.D.Fla. 2005) (finding that absent Schiavo's disability, she would not qualify for the treatment she is being denied thus

---

Eighth Amendment does not require the medical care provided be the very best available) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). In fact, in Black v. Alabama Dept. of Corrections, 578 Fed. App'x 794 (11th Cir. 2014), the Eleventh Circuit, albeit an unpublished opinion, has approved the type of treatment (monitoring and treatment of symptoms) the plaintiffs are receiving. See also Melendez v. Florida Department of Corrections, Case No. 3:15cv450-RV-CJK, 2016 WL 5539781 (N.D.Fla. Aug. 30, 2016).

[4] Indeed, even the Ninth Circuit Court of Appeals has recognized that it is improper to constitutionalize the standards of professional associations. Gary H. v. Hegstrom, 831 F.2d 1430, 1433 (9th Cir. 1987) ("[I]t was error for the court to constitutionalize the standards of the American Medical Association and the American Public Health Association"); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982); see also Madrid

she is not "otherwise qualified"); Iafornaro v. Mississippi, No. 6:08-CV-ORL-19, 2008 WL 2856649, at *2 (M.D.Fla. July 22, 2008) ("The Rehabilitation Act, however, does not apply to decisions involving medical treatment" because allegations of discriminatory medical treatment do not fit into the four-element framework required by section 504) (citing Grzan v. Charter Hosp. of Nw. Indiana, 104 F.3d 116, 121, 123 (7th Cir. 1997) (affirming district court's dismissal under Fed.R.Civ.P. 12(b)(6) of plaintiff's section 504 claim because "section 504 [which 'is materially identical to the ADA'] does not provide a federal malpractice tort remedy" and allegations of discriminatory medical treatment do not fit into the four-element framework required by section 504)).  Here, the three inmate plaintiffs are not "otherwise qualified" because without the "disability" of HCV, they would not qualify for the specific medical treatment they are demanding: DAA drugs.  The plaintiffs' situation is different from an inmate confined to wheelchair requesting access to the law library or the recreational yard.  Such a prisoner would still be qualified to go the law library or recreational yard even if not confined to a wheelchair. Thus, Congress' statutory language did not intend to reach matters of medical treatment.  Schiavo, 403 F.3d at 1294; Johnson v. Thompson, 971 F.2d 1487, 1493-94 (10th Cir. 1992) (stating "[o]rdinarily, however, if a person were not so handicapped, he or she would not need the medical treatment and thus would not 'otherwise qualify' for the treatment");

---

v. Gomez, 889 F.Supp. 1146, 1256 (N.D.Cal. 1995).

5

United States v. Univ. Hosp. of State Univ. of New York at Stony Brook, 729 F.2d 144, 159 (2d Cir. 1984) ("The post-enactment legislative history also indicates both that congress was primarily concerned with affording the handicapped access to federally-funded programs and activities, and that congress never envisioned that HEW (or HHS) would attempt to apply section 504 to treatment decisions."); American Academy of Pediatrics v. Heckler, 561 F.Supp. 395, 401-02 (D.D.C. 1983) (determining that no congressional committee or member of the House or Senate ever suggested that section 504 would be used to monitor medical treatment or establish standards for preserving a particular quality of life and suggesting that section 504 was never intended by Congress to be applied blindly and without any consideration of the burdens and intrusions that might result).

Thus, in accordance with standing Eleventh Circuit case law and clear congressional intent, the plaintiffs' ADA and RA counts must be dismissed as plaintiffs merely dispute their level of treatment (*i.e.*, what level of treatment is required to satisfy the minimally adequate standard of the Eighth Amendment) and are not claiming a complete denial of access to FDOC medical services.

## **CONCLUSION**

For the reasons stated herein, Secretary Jones requests the Court dismiss Count II and Count III of the complaint [Doc. 1].

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

s/ Lance Eric Neff
Lance Eric Neff
Senior Assistant Attorney General
Florida Bar Number 26626
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300 - Telephone
(850) 488-4872 - Facsimile
Email: Lance.Neff@myfloridalegal.com

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF to all counsel of record on this 30th day of May, 2017.

s/ Lance Eric Neff
LANCE ERIC NEFF

## CERTIFICATION OF MEMORANDUM WORD COUNT

Undersigned counsel, pursuant to local rule 7.1(F), certifies the preceding memorandum in support of the instant motion contains **984** words.

s/ Lance Eric Neff
LANCE ERIC NEFF