# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

CARL HOFFER, et al.,

    *Plaintiffs*,

v.                                  Case No. 4:17cv214-MW/CAS

JULIE L. JONES, in her official
capacity as Secretary of the
Florida Department of
Corrections,

    *Defendant.*

_____/

## ORDER GRANTING
## MOTION FOR CLASS CERTIFICATION

Plaintiffs challenge the policies and practices of the Florida Department of Corrections ("FDC") for treating Hepatitis C. ECF No. 1. Specifically, Plaintiffs claim that Defendant is acting with deliberate indifference to their serious medical needs, in violation of the Eighth Amendment, and that Defendant is discriminating against them on the basis of disability in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). *Id.* Presently before this Court is Plaintiffs' motion for class certification, in which Plaintiffs seek to certify a class of "all current and future prisoners in FDC custody who have been

1

diagnosed, or will be diagnosed, with chronic hepatitis C virus (HCV)." ECF No. 10, at 2. To succeed in their motion, Plaintiffs must satisfy the four requirements of Federal Rule of Civil Procedure 23(a). Plaintiffs must also satisfy the requirements of Rule 23(b)(2).[1] This Court finds that Plaintiffs have satisfied the necessary requirements; accordingly, Plaintiffs' motion for class certification is **GRANTED**.

## I. *Rule (23)(a) Requirements*

Federal Rule of Civil Procedure 23(a) imposes four requirements on a party moving to certify a class. Specifically, the moving party must show: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. *See* Fed. R. Civ. P. 23(a). This Court finds that each of these requirements has been met.

### *(1) Numerosity*

The numerosity requirement provides that a class can only be certified if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[W]hile there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying

---

[1] Plaintiffs could choose to qualify for any of the Rule 23(b) class-types, but they have only alleged that Rule 23(b)(2) applies, ECF No. 10, at 2.

according to other factors.'" *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). At the hearing on Plaintiffs' motion, the parties presented evidence showing that the proposed class includes at least 7,000 inmates and likely includes upwards of 20,000 inmates.[2] ECF No. 151, at 52–53; Test. of Dr. Dewsnup. Joining that many members would certainly be impracticable. *See Williams v. Wells Fargo Bank, N.A.*, 280 F.R.D. 665, 671–72 (S.D. Fla. 2012). As such, Plaintiffs have satisfied the numerosity requirement.

## (2) *Commonality*

The commonality requirement provides that a class can only be certified if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). There is no requirement as to the number of common questions—even a single common question will do. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). A question is "common" if it "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *See id.* at 350.

---

[2] "[A] plaintiff need not show the precise number of members in the class." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983).

3

In this case there are several questions of law or fact common to the class. For example, one common question of fact is what the appropriate standard of care is for a person with chronic HCV. Common questions of law include whether FDC's failure to meet that standard of care constitutes deliberate indifference under the Eighth Amendment or discrimination under the ADA or RA. All of these questions are subject to classwide resolution.

Defendant disputes that Plaintiffs have satisfied the commonality requirement and argues that "[b]ased on the wide disparity of symptoms and the decades long process in which it takes for symptoms to occur . . . a one stroke determination by this Court would undermine the individualized assessment and treatment required for those with HCV."[3] ECF No. 32, at 6 n.2. But

---

[3] Defendant repeatedly cites the Supreme Court's decision in *Wal-Mart*, emphasizing that it "heightened the standards for establishing commonality" and "made it more difficult for all class action proponents to satisfy the common-issue requirement." ECF No. 32, at 6–7 (quotations omitted). Whatever the result of *Wal-Mart*, Plaintiffs' proposed class satisfies the Supreme Court's standard. In discussing commonality, the Court explained as follows:

> Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury." This does not mean merely that they have all suffered a violation of the same provision of law. Title VII, for example, can be violated in many ways—by intentional discrimination, or by hiring and promotion criteria that result in disparate impact, and by the use of these practices on the part of many different superiors in a single company. Quite obviously, the mere claim by employees of the same company that they have suffered a Title VII injury, or even

4

Defendant misses the point. Plaintiffs' claims are focused "on Defendant's policy of non-treatment for HCV, which exposes every HCV patient to the same risk, regardless of their symptoms." ECF No. 35, at 3.

Defendant's misguidance is best illustrated through an example. Consider, for instance, a prison policy that states that every inmate with a broken bone must wait five years before they are treated. Under Defendant's logic, inmates subject to that policy could not initiate a class action to change the policy because each inmate suffers from individualized conditions. That, of course, would be pure applesauce.[4] Although each inmate may be differently situated (e.g., one may have a broken toe, and another a broken rib), they each suffer from the same injury: being subject

---

> a disparate-impact Title VII injury, gives no cause to believe that all their claims can productively be litigated at once. Their claims must depend on a common contention—for example, the assertion of discriminatory bias on the part of the same supervisor.

*Wal-Mart*, 564 U.S. at 349–50 (citation omitted).

Here, Plaintiffs do not merely share a violation of the same provision of law; rather, they also share a "common contention"—they allege that FDC's policies and practices for treating inmates with HCV are illegal.

[4] Credit goes to the late Justice Scalia for introducing this phrase to the legal world. *See King v. Burwell*, 135 S.Ct. 2480, 2501 (2015) (Scalia, J., dissenting).

to the five-year delay. *See Parsons v. Ryan*, 754 F.3d 657, 678 (9th Cir. 2014) (affirming certification of statewide prisoner-class alleging deficient medical care; noting that "every inmate suffers exactly the same constitutional injury when he is exposed to a single statewide [prison] policy or practice that creates a substantial risk of serious harm"); *see also Cooper v. S. Co.*, 390 F.3d 695, 714 (11th Cir. 2004) ("Neither the typicality nor the commonality requirement 'mandates that all putative class members share identical claims, and . . . factual differences among the claims of the putative class members do not defeat certification.'" (quoting *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994)), *overruling on other grounds recognized by SEC v. Bankatlantic Bancorp, Inc.*, 661 F. App'x 629, 635 (11th Cir. 2016).

If Plaintiffs were asking this Court to order Defendant to immediately give each member of the class specific medical treatment, then individualized differences *might* preclude class certification. But that is not what Plaintiffs are asking for. *See* ECF No. 1, at 43–45. Indeed, the relief that Plaintiffs seek with respect to the class as a whole is limited to changing Defendant's

6

policies and practices.[5] Defendant has not shown why differences in symptoms and treatment considerations should preclude awarding such class-wide relief. Accordingly, Plaintiffs have satisfied the commonality requirement.

### (3) *Typicality*

The typicality requirement provides that a class can only be certified if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Claims are typical of each other if they "arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). In this case, Plaintiffs' claims arise from the very same "pattern or practice" as the class's claims. Specifically, both groups' claims arise from Defendant's policies and practices for treating HCV. *See* ECF No. 1. Moreover, Plaintiffs' claims are based on the exact same legal theories as the class's claims:

---

[5] For instance, Plaintiffs request an injunction ordering Defendant to "develop and adhere to a plan to provide direct-acting antiviral medications to all FDC prisoners with chronic HCV, consistent with the standard of care." ECF No. 1, at 44. Ordering a change in policy (even with specific treatment in mind) is not the same as ordering a specific treatment. The distinction is that, even after the change is enacted, the policy can still take into account inmates' individualized conditions.

7

deliberate indifference under the Eighth Amendment, and discrimination under the ADA and RA. *See id.*

Nonetheless, Defendant argues that this Court should not certify the proposed class because of alleged differences between Plaintiffs and other class members. *See* ECF No. 32, at 15 ("Because . . . a significant portion of the . . . FDC prisoners which chronic HCV have vastly different symptoms when compared to the Plaintiffs, or even have no symptoms at all, the motion for class certification should be denied."). Again, Defendant misses the point. Although "[a] class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3)," *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001), "[t]he typicality requirement may be satisfied despite substantial factual differences . . . when there is a 'strong similarity of legal theories,'" *id.* (quoting *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985)); *see also Kornberg*, 741 F.2d at 1337 ("A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class."). Here, Plaintiffs' claims are based on the same legal theories as the class's claims, and Plaintiffs are not in a markedly

8

different factual position than other class members (at least not in a sense that would be relevant for purposes of their claims). Accordingly, Plaintiffs have satisfied the typicality requirement.

### (4) *Adequacy*

The adequacy requirement provides that a class can only be certified if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Determining adequacy "involves questions of whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation, and of whether plaintiffs have interests antagonistic to the rest of the class." *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985).

There does not appear to be any dispute as to the adequacy of Plaintiffs' counsel. Indeed, Plaintiffs note that their attorneys "have extensive experience in class action cases involving federal civil rights claims for prisoners," ECF No. 10, at 21, and Defendant does not suggest otherwise, *see* ECF No. 32, at 18–19. Similarly, there does not appear to be much dispute as to Plaintiffs' adequacy. Plaintiffs summarily state that they have "no interest antagonistic to or in conflict with the interests of the class members," ECF No.

9

10, at 22, and Defendant summarily argues that because Plaintiffs fail typicality they also fail adequacy, ECF No. 32 at 18–19.

This Court observed all three Plaintiffs testify at the hearing on class certification. All three testified strongly about their conditions and their belief that FDC is not treating HCV properly. Moreover, all three were asked whether they would adequately represent the class (despite having already begun treatment for HCV), and all three confirmed that they will. This Court is without any doubt as to Plaintiffs' credibility on this point. Accordingly, Plaintiffs have satisfied the adequacy requirement.

## II. *Rule (23)(b)(2) Requirements*

To certify a class under Federal Rule of Civil Procedure 23(b)(2), the moving party must show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart*, 564 U.S. at 360 (quoting Richard

A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)). "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Id.*

Here, certification under Rule 23(b)(2) is appropriate because a single injunction or declaratory judgment *would* provide relief to each member of the proposed class. Specifically, if this Court enters an injunction forcing Defendant to change FDC's policies and practices with respect to HCV treatment, then each member of the proposed class will be able to enjoy those changes.

Nevertheless, Defendant argues that this Court "should be hesitant to allow a Rule 23(b) class determine the how [sic] Florida manages its prison system." ECF No. 32, at 26. Indeed, this Court is mindful of FDC's desire to maintain independent control of its operations. But the mere fact that FDC operates prisons is not enough to prevent class certification. In fact, class actions are common vehicles for raising the type of claims raised here. *See generally Parsons*, 754 F.3d at 686 ("[C]ourts have repeatedly invoked [Rule 23(b)(2)] to certify classes of inmates seeking declaratory and injunctive relief for alleged widespread Eighth Amendment violations in prison systems . . . ."); *see also Postawko*

11

*v. Mo. Dep't of Corr.*, No. 2:16-cv-04219-NKL, 2017 WL 3185155, at *1 (W.D. Mo. July 26, 2017) (certifying Rule 23(b)(2) class of inmates alleging "inadequate medical care for their chronic Hepatitis C"); *Graham v. Parker*, No. 3-16-cv-01954, 2017 WL 1737871, at *1 (M.D. Tenn. May 4, 2017) (certifying Rule 23(b)(2) class of inmates challenging "whether the State of Tennessee's policies and procedures for inmates with Hepatitis C satisfies constitutional standards").

Defendant also argues that class certification is unnecessary given that Plaintiffs "have sued regarding a policy." ECF No. 32, at 30–31. This Court disagrees.[6] Nevertheless, class actions need not be necessary. *See generally* 7AA Charles Alan Wright et al.,

---

[6] There is at least one reason why class certification is necessary in this case: to avoid a dismissal for mootness. *See Hamilton v. Hall ex rel. Santa Rosa County*, No. 3:10cv355/MCR/EMT, 2011 WL 2161139, at *1 (N.D. Fla. May 26, 2011) (recognizing that "a class action may not be necessary where the relief requested otherwise can be obtained" but finding that a class action was necessary to avoid the potential for mootness). A class action can proceed even if the class representatives obtain their requested relief. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 968 n.28 (11th Cir. 2008) ("A class representative can have standing to continuing prosecuting a class action for relief on behalf of the class members even though he has settled his claim against the defendant and his own case is therefore moot."), *abrogation on other grounds recognized by LaCroix v. W. Dist. Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015); *see also Bishop's Prop. & Invs., LLC v. Protective Life Ins. Co.*, 463 F. Supp. 2d 1375, 1377–82 (M.D. Ga. 2006) (explaining that a party cannot moot a case by giving the class representatives their requested relief before the Court rules on the motion for certification). So even though Plaintiffs have already begun receiving most of the treatment they want, or even if they leave FDC custody during the pendency of this case, the case can still go forward. This is a luxury that individual plaintiffs would not enjoy.

Federal Practice & Procedure § 1785.2 (3d ed. & Apr. 2017 update) (explaining that the necessity of a class action is simply a *discretionary* factor for a court to consider). Thus, even if class certification is unnecessary here, this Court chooses to exercise its discretion by allowing the case to proceed as a class action.

### III. *Subsidiary Issues*

The parties raise several subsidiary issues in their filings. For instance, Plaintiffs ask this Court to appoint their attorneys as class counsel pursuant to Federal Rule of Civil Procedure 23(g)(1). ECF No. 10, at 26–27. After considering the factors outlined in Rule 23(g)(1), this Court finds that Plaintiffs' attorneys should be appointed class counsel.

In her response to Plaintiffs' motion for class certification, Defendant argues that "FDC should be allowed to complete discovery pertaining to the propriety of a class before a class is certified." ECF No. 32, at 32. Defendant's response was filed on July 7, 2017 (i.e., over four months ago). Since then, the parties have had ample time to conduct discovery. Moreover, this Court held a five-day hearing on Plaintiffs' motion. Accordingly, this Court does not find that any further delay is necessary.

13

Finally, Defendant argues that certifying Plaintiffs' proposed class would violate the Rules Enabling Act ("REA"). ECF No. 32, at 31–32. Specifically, Defendant argues that the REA forbids interpreting Rule 23 to abridge, enlarge or modify any substantive right and "[i]f Plaintiffs' purported class of all chronic HCV inmates within FDC is permitted to go forward, plaintiffs rights will be enlarged, and the rights of the FDC will be abridged." *Id.* at 31. Defendant offers no support for this argument, nor does she engage in any substantive analysis of the issue. *See id.* at 31–32. Ultimately, this Court disagrees with Defendant's conclusion and summarily rejects the argument without discussion.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' motion for class certification, ECF No. 10, is **GRANTED**.

2. This Court certifies a class defined as "all current and future prisoners in the custody of the Florida Department of Corrections who have been diagnosed, or will be diagnosed, with chronic hepatitis C virus (HCV)."

3. The class issues are:

    a. Whether FDC's policies and practices for HCV-treatment constitute deliberate indifference to serious medical needs, in violation of the Eighth Amendment;

    b. Whether FDC's policies and practices for HCV-treatment result in discrimination in violation of the ADA; and

    c. Whether FDC's policies and practices for HCV-treatment result in discrimination in violation of the RA.

4. Plaintiffs Carl Hoffer, Ronald McPherson, and Roland Molina shall serve as class representatives.

5. This Court appoints Randall C. Berg, Jr., Dante P. Trevisani, and Erica A. Selig as class counsel.

**SO ORDERED on November 17, 2017.**

<u>s/Mark E. Walker</u>
**United States District Judge**