UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

CARL HOFFER,
RONALD MCHPERSON, and
ROLAND MOLINA,
Individually and on behalf of a
Class of persons similarly situated,

        Plaintiffs,

vs.                            Case No. 4:17-cv-214-MW/CAS

JULIE L. JONES, in her official
Capacity as the Secretary of the
Florida Department of Corrections

        Defendant.
_____/

## PLAINTIFFS' MOTION FOR ISSUANCE OF A SECOND PRELIMINARY INJUNCTION

Plaintiffs, by and through undersigned counsel, hereby move this Court to enter a second, successive preliminary injunction to take effect on March 14, 2018, with the same terms as the injunction currently in place. Under the Prison Litigation Reform Act (PLRA), some preliminary injunctions affecting prison conditions expire 90 days their entry. In an abundance of caution, Plaintiffs therefore request the Court to enter a second injunction to begin on the 91st day. In support of this motion, Plaintiffs state the following.

1

## Factual Background

On November 17, 2017, the Court granted Plaintiffs' motion for a preliminary injunction as to the treatment being provided by the Florida Department of Corrections ("FDC") to inmates infected with the Hepatitis C virus ("HCV") (DE 153). The Court noted that by granting the motion it was "only providing overarching guidance of how it believes the FDC should address HCV treatment going forward." DE 153 at 31. At the request of the FDC, the Court allowed the Department to submit a treatment plan for the Court's consideration. The FDC proposed a plan and the parties submitted comments. DE 175, 180, 181.

On December 13, 2017, the Court entered a preliminary injunction requiring the FDC to stage, evaluate, and treat prisoners with HCV (DE 185). In its Order, the Court adopted the FDC's plan with certain modifications (DE 185 at 3-7). The Order sets forth a detailed schedule that directs the FDC to evaluate, stage, and treat approximately 7500 inmates based on the severity of the disease. *Id*. The treatment schedule and its recent modification reflect the FDC's admission that the necessary treatment of such a large population would take up to two years.[1] Defendant FDC did not appeal the entry of the preliminary injunction, and the time to do so has expired.

---

[1] On January 31, 2018, the Court granted the FDC's motion to modify the preliminary injunction to allow the FDC until December 31, 2019, to initiate treatment of all known chronic HCV inmates who are eligible for treatment and who have fibrosis stage 2 (DE 214 at 6).

The Order entering the preliminary injunction also requires the FDC to file a detailed monthly report beginning on January 1, 2018, explaining the FDC's progress in meeting the deadlines and complying with the terms of the injunction (DE 185 at 5-7). The FDC timely filed reports for January and February 2018 (DE 195-1, 212-1). Those reports state that only 230 inmates out of an approximate population of 7500 have begun treatment with direct-acting antiviral drugs (DAAs).

## Argument

### The Court Should Enter a Second Injunction with the Same Terms

The Prison Litigation Reform Act (PLRA) permits courts to enter preliminary injunctions affecting prison conditions. However, "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period." 18 U.S.C. § 3626(a)(2). Plaintiffs are not seeking a final order at this time, as discovery is ongoing, and there are other types of relief that Plaintiffs seek that are not included in the preliminary injunction. In fact, the Court specifically directed Plaintiffs to confine their comments on the preliminary injunction to the truly time-sensitive issues, and to reserve further arguments for the final injunction. DE 178 at 3-4.

However, the necessity of the injunction still exists. And under the PLRA, a district court may issue a second or successive preliminary injunction after the first

expires. Indeed, "[n]othing in the [PLRA] limits the number of times a court may enter preliminary relief." *Mayweathers v. Newland*, 258 F.3d 930, 936 (9th Cir. 2001). In *Mayweathers*, the district court issued a preliminary injunction, which the defendant prison administrators appealed, seeking a ruling that the injunction expired after 90 days. *Id*. at 936. While that appeal was pending, the district court issued a second, identical preliminary injunction to preserve the status quo, which the defendants also appealed. *Id*. at 935-36. Consolidating the appeals, the Ninth Circuit held that while both preliminary injunctions expired after 90 days because the district court had not made them final, the court was well within its authority to issue successive, identical injunctions: "The district court did not violate the terms of the statute [PLRA] by entering the second injunction after the first one expired." *Id*. at 936.

Similarly, in *Alloway v. Hodge*, 72 F. App'x 812 (10th Cir. 2003), the Tenth Circuit held that a second injunction was appropriate even after a defendant moved to terminate the original injunction due the expiration of the 90 days. In *Alloway,* the defendants did not appeal the preliminary injunction, but later moved to terminate it, arguing that the failure to make the requisite findings and to make the order final within 90 days resulted in the automatic termination of the injunction. *Id*. at 814. In response, the district court issued a new order which made the factual findings required by section (a)(2). *Id*. at 815. On appeal, the Tenth Circuit held

4

that, although the original preliminary injunction had expired, the district court effectively entered a new, successive injunction fully compliant with the PLRA. *Id.* at 817. Quoting *Mayweathers*, the Court reiterated: "'Nothing in the PLRA limits the number of times a court may enter preliminary relief.'" *Id.*

In sum, the Court's preliminary injunction, entered December 13, 2017, arguably expires on March 13, 2018. Consistent with the authority granted to district courts under the PLRA, Plaintiffs respectfully request that the Court enter a new preliminary injunction, to begin on March 14, 2018, with same terms as the injunction currently in place, as modified by the Court.

<u>If Warranted, the Court Can Make the Required Findings in an Abundance of Caution</u>

While conferring with Defendant about this motion, the issue was raised as to whether the PLRA's findings must be included in the injunction. The full text of the preliminary injunction portion of the statute is as follows:

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under

5

> subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

18 U.S.C. § 3626(a)(2). The statute does require a preliminary injunction to "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *Id*. However, any language about making findings is conspicuously absent from that part of the statute, and only appears later in the paragraph when addressing final relief. Thus, a plain reading of the provision is that a Court need not explicitly make those findings until the court seeks to make the prospective relief final. In other words, a Court must ensure that a preliminary injunction *complies* with the requirements, but it need not *find* that the requirements are met. Such findings are only necessary when making the injunction final.

This reading is confirmed by the paragraph's reference to an earlier section of the statute, 18 U.S.C. § 3626(a)(1), entitled "Prospective Relief." This section prohibits the entry of prospective relief "unless the court *finds* that such relief narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id*. (emphasis added). There would be no need to reference the

earlier provision requiring findings if such findings were already required for a preliminary injunction.[2]

However, in an abundance of caution, should this Court hold it must make the (a)(1) factual findings to issue a second, successive preliminary injunction, those findings are easily met and clearly supported by the factual record developed at the evidentiary hearing and by the monthly reports submitted by the FDC. The preliminary injunction was narrowly issued to remedy a precise constitutional violation that affected a specific, identifiable class of inmates. It extends no further than is necessary to treat the specific class. Indeed, the Court requested input from the FDC, received it, and then largely ordered the FDC to comply with the Plan it proposed, with some variations. Requiring a party to comply with a self-crafted plan is a narrowly-drawn remedy. And finally, the injunction differentiates among the affected class and accordingly sets a different treatment schedule depending on the severity of the disease, thus utilizing the least intrusive means to correct the constitutional violation.

---

[2] This is further confirmed by the subtle differences between the language of the two sections. Section (a)(2) requires preliminary injunctions to be "narrowly drawn, extend no further than necessary to correct *the harm* the court finds requires preliminary relief, and be the least intrusive means necessary to correct *that harm*." 18. U.S.C. § 3626(a)(2) (emphasis added). Section (a)(1), in contrast, requires the Court to find that final injunctive relief is "narrowly drawn, extends no further than necessary to correct *the violation of the Federal right*, and is the least intrusive means necessary to correct *the violation of the Federal right*." 18. U.S.C. § 3626(a)(1) (emphasis added).

7

In terms of the necessity of continued relief, although progress has purportedly been made, little has changed since the evidentiary hearing. The FDC reports that only 230 of approximately 7500 HCV infected inmates have been treated. DE 215-1. The relief ordered by the Court—by design and as requested by Defendant—extends into the year 2019. There is a long way to go in this case. A second, successive injunction is a necessary step to ensure that the constitutional wrong in this case is corrected.

Thus, if the Court believes the findings are warranted, they are easily met here.

## **Conclusion**

Plaintiffs respectfully request that this Court grant Plaintiffs' motion and issue a second, successive preliminary injunction to take effect March 14, 2018, on the same terms as the injunction currently in place, as modified by the Court. Although Plaintiffs do not believe they are required, in an abundance of caution, if the Court believes they are warranted, Plaintiffs submit that the findings required by 18 U.S.C. § 3626(a)(1) can be made.

## Certificate of Conference

In accordance with N.D. Fla. Loc. R. 7.1(B), Plaintiffs' counsel has conferred with counsel for the Defendant about the matters listed above. Defendant believes the motion is premature, as the FDC may request changes to the preliminary injunction as March 13 approaches.

## Certificate of Word Count

Undersigned counsel, pursuant to Local Rule 7.1(F), certifies the preceding Motion contains 1,810 words.

Respectfully submitted,

Randall C. Berg, Jr., Esq.
Florida Bar No. 318371
*rberg@floridajusticeinstitute.org*
Dante P. Trevisani, Esq.
*dtrevisani@floridajusticeinstitute.org*
Erica A. Selig, Esq.
Florida Bar No. 0120581
*Eselig@floridajusticeinstitute.org*

FLORIDA JUSTICE INSTITUTE, INC.
3750 Miami Tower
100 S.E. Second Street
Miami, Florida 33131-2309
Phone 305.358.2081
Fax 305.358.0910

By:  *s/Dante P. Trevisani*
     Dante P. Trevisani, Esq.

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed today, February 16, 2018, the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered to receive electronic notifications for this case, including all opposing counsel.

By: *s/Dante P. Trevisani*
       Dante P. Trevisani, Esq.