UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ADAM CORRIS,

                      *Plaintiff,*

-against-

CARL J KOENIGSMANN, M.D., Chief Medical Officer,
Dep't of Corrections and Community Supervision, et al.,

                      *Defendants.*

STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)

15-CV-1205

GTS/TWD

---

    IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for plaintiff Adam Corris, and defendant Carl J. Koenigsmann, parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is discontinued and settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

    1.    Plaintiff discontinues this action with prejudice and without damages, costs, interest or attorneys fees, and discharges and releases Defendant Carl J. Koenigsmann and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing

or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims against the defendant and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents, except as specifically provided in paragraph 6 of this settlement.

2. Defendant discharges and releases plaintiff from any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action.

3. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

4. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the action.

5. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

6. Following the execution of this stipulation, and its being ordered by the Court:

(a) Plaintiff and his attorneys shall be paid the total sum of $ 19,144.82 in full settlement of any and all claims. This amount includes all compensation to which plaintiff is

2

entitled, including but not limited to damages, costs, and attorney's fees. Payment of this amount shall be made in two checks.

       (b)     The first check, in full satisfaction of all claims for damages, will be payable to plaintiff in the amount of $5,000.00. Plaintiff's check will be mailed to him c/o Inmate Accounts at Gouverneur Correctional Facility, 112 Scotch Settlement Road, PO Box 370, Gouverneur, NY 13642 for deposit into plaintiff's inmate account, or to the correctional facility in which he is confined at the time the check is mailed.

       (c)     The second check, in full satisfaction of all costs and attorneys' fees, will be payable to and mailed to plaintiff's attorneys, Prisoners' Legal Services of New York - Plattsburgh, 24 Margaret Street, Suite 9, Plattsburgh, NY 12901.

       (d)     The current DOCCS HCV Policy will be amended will by striking the 12th bullet point on page 9 of the current HCV Policy (effective April 2015) and replacing it with the following language:

- Risk of reinfection, including using or possessing syringes and/or tattoo equipment, or documented chronic noncompliance with medical care will be considered.

- Evidence of substance abuse (drug and/or alcohol) in the past six months shall not serve as a *per se* exclusion for any care or treatment. Evidence of such substance abuse instead may only be considered as one factor among all others in assessing and evaluating each individual's needs and suitability for care and treatment. Such evidence also may be noted but shall not in any case be used to prevent any Initial Work Up and referral to the IFD and/or specialist. If you have an inmate/patient who qualifies for Hepatitis C treatment and has a drug or alcohol-related incident in the past six months, submit the inmate/patient for all Initial Work Up tests and refer to the IFD/specialist to be evaluated individually.

7.     Payment of the amount specified in paragraph 6 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.

3

8. Payment of the amount referenced in paragraph 6 will be made within one hundred and twenty (120) days after the approval of this Stipulation by the Court and receipt by counsel of a copy of the so-ordered stipulation, unless the provisions of Chapter 62 of the Laws of 2001 apply to the plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

9. In the event that the terms of paragraph 6 are satisfied, but payment is not made within the periods set forth in paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to plaintiff.

10. This stipulation shall be null and void if the approvals referred to in paragraph 7 are not obtained, and these actions shall then be placed back on the trial calendar without prejudice.

11. The foregoing constitutes the entire agreement of the parties.

Dated: Gouverneur, New York
      May 5, 2016

Adam Corris
Plaintiff

4

Dated: Plattsburgh, New York
      May 5, 2016

*Alissa R. Hull*
Alissa R. Hull, Esq.
Prisoners' Legal Services of New York
24 Margaret Street, Suite 9
Plattsburgh, NY 12901
Bar Roll No. 519626
Telephone: (518) 561-3088
Email: ahull@plsny.org

Dated: Albany, New York
      May 6, 2016

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendant Carl J. Koenigsmann
The Capitol
Albany, New York 12224-0341

By: _____
Bruce J. Boivin
Assistant Attorney General, of Counsel
Bar Roll No. 507894
Telephone: (518) 776-2590
Email: Bruce.Boivin@ag.ny.gov

Dated:   Syracuse, New York
      May _____, 2016

    SO ORDERED:

_____
HON. GLENN T. SUDDABY
UNITED STATES DISTRICT COURT JUDGE

5