UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CARL HOFFER,
RONALD MCPHERSON, and
ROLAND MOLINA

    VS                                                  CASE NO.  4:17cv214-MW/CAS

MARK S INCH

## JUDGMENT

a. Defendant must ensure that the Florida Department of Corrections ("FDC"), FDC's employees, and FDC's agents comply with FDC's Hepatitis C Virus ("HCV") policy, HSB 15.03.09 Supplement #3, as it is revised.

b. Defendant must ensure that FDC's HCV policy, HSB 15.03.09 Supplement #3 is not modified absent this Court's instruction.

c. Defendant must ensure that, no later than May 20, 2019, FDC's HCV policy HSB 15.03.09 Supplement #3, is modified as follows:

    i. The policy must be modified to reflect that treatment must be initiated for F0 and F1 inmates within two years of staging.

    ii. A section must be added to the policy requiring an explanation to anyone who refuses staging or treatment of, at least, (1) the consequences of HCV, (2) the availability, lack of side effects, and efficacy of the new medications, (3) the staging process, and (4) whether and when they will receive treatment.

    iii. The policy must be modified to reflect that (1) patients must be initially staged using a FibroSure test within 30 days of confirming they have

    chronic HCV; (2) patients who need ultrasounds must receive an ultrasound within 90 days of confirming they have chronic HCV; (3) if a patient needs to be restaged as a result of an ultrasound, the restaging must take place within 5 days of receiving the ultrasound results; and (4) staff must rely on the test, exam, or study indicating the highest fibrosis level for staging.

iv. The policy must be modified to reflect that deadlines are mandatory.

v. The policy mut be modified to reflect that staff have the discretion to restage inmates sooner than scheduled.

vi. The exclusion for time remaining on an inmates sentence must be modified such that (1) it no longer refers to "pre-treatment evaluation"; (2) it no longer refers to "post treatment SVR assessment"; (3) it no longer includes a "12-18" months estimate; and (4) it reflects than an inmate - who has already been staged and evaluated - simply needs to have "sufficient" time remaining on their sentence to complete a course of treatment.

vii. The exclusion for high-risk behaviors must be modified to reflect that (1) high risk behaviors only warrant a delay if there is a "medical reason" to delay treatment and (2) it only provides for temporary ineligibility, not permanent exclusion.

viii. Section J.3., which refers to "chronic disciplinary issues," must be amended to reflect that chronic disciplinary issues, in and of

        themselves, are not sufficient to render an inmate ineligible for treatment; rather, treatment may only be delayed for medical reasons.

    ix. Section P, which governs referrals for liver transplants, must be modified as follows: (1) decompensation must be defined as "the presence of encephalopathy, ascites, bleeding varices, or jaundice"; (2) it must be clarified to reflect that patients will be referred if they have any one of the listed items; (3) referrals must be initiated within 30 days of any one of the triggering events; (4) it must provide that FDC must promptly comply with the transplant center's request for records and other information, and to promptly transport an inmate to and from the transplant center, and (5) it must be clarified that for individuals who have been scheduled to receive DAA medication, are undergoing DAA treatment, or who have finished DAA treatment, a referral must be made only if the post-treatment MELD score is over 15.

    x. Section A.2., which refers to risk factors, must be modified to include "being born between 1945 and 1965, previous incarceration, and HIV" as risk factors.

d. Defendant must ensure that FDC initiates treatment for all known chronic-HCV inmates who are currently staged F0 or F1 within two years of the date of this order.

e. Defendant must ensure that FDC either (1) adopts a system of opt-out testing along with an aggressive notice campaign or (2) adopts a system of opt-in

3

    testing paired with peer education.  FDC must make its choice and Defendant must inform this Court of FDC's decision no later than May 20, 2019.

f. Defendant must ensure that FDC forms a definite plan to make elastography available to its medical staff within a reasonably immediate timeframe. Defendant must file its proposed plan with this Court no later than May 20, 2019.

g. Defendant must ensure that - for inmates who were known to have chronic HCV in December 2017, who have fibrosis stage 2, and who are eligible for treatment - FDC initiates treatment no later than December 31, 2019.

h. Beginning on June 3, 2019, and on the first day of each month thereafter, Defendant must file with this Court a status report reflecting FDC's progress in complying with this Court's injunction.  That status report must include:

    i. A certification regarding FDC's compliance with the applicable deadlines for prisoners known to have chronic HCV in December 2017.

    ii. Information regarding the total number of inmates who:

        1. have been screened / tested for HCV,

        2. have been identified as having chronic HCV,

        3. have been identified as having chronic HCV and have been staged (which must be further broken down by stage, including F0, F1, F2, F3, F4, decompensated cirrhosis, and those with HIV),

4. have been submitted to the Hepatitis C Committee for evaluation (which must be further broken down by stage, including F0, F1, F2, F3, F4, decompensated cirrhosis, and those with HIV),

5. have begun treatment with DAAs,

6. have completed treatment wht DAAs,

7. have achieved a sustained virologic response (SVR),

8. have not achieved SVR, and

9. have been deemed (temporarily or permanently) ineligible for treatment with DAAs along with the specific reason for ineligibility.

JESSICA J. LYUBLANOVITS
CLERK OF COURT

 April 18, 2019                         s/ *Kimberly J. Westphal*
DATE                                    Deputy Clerk: Kimberly J. Westphal