UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
Tallahassee Division

CARL HOFFER,
RONALD MCHPERSON, and
ROLAND MOLINA,
Individually and on behalf of a
Class of persons similarly situated,

        Plaintiffs,

vs.                                           Case No. 4:17-cv-214-MW/CAS

MARK S. INCH, in his official
Capacity as the Secretary of the
Florida Department of Corrections

        Defendant.
_____/

**PLAINTIFFS' MOTION FOR CLARIFICATION, OR, IN THE ALTERNATIVE, FOR INDICATIVE RULING AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiffs, by and through undersigned counsel, hereby file this motion for clarification of this Court's April 18, 2019 Order (ECF 465) under Federal Rule of Civil Procedure 62(d), or, in the alternative, for an indicative ruling under Federal Rule of Civil Procedure 62.1, to clarify its Prison Litigation Reform Act (PLRA) findings. This Court has already made the required PLRA findings that its Order "is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of

1

the Federal right." 18 U.S.C. § 3626(a)(1)(A).  However, Defendant has lodged an appeal arguing that this Court's PLRA findings are insufficiently detailed pursuant to *Cason v. Seckinger*, 231 F.3d 777, 785 (11th Cir. 2015).  While Plaintiffs do not concede the issue, in an abundance of caution and to prevent needless waste of appellate court resources, Plaintiffs respectfully request that this Court clarify its order to provide more detailed explanation of its PLRA findings.

Plaintiffs further request that this Court consider this motion on an expedited basis.  There is good cause for the Court to expedite consideration of this motion because this issue has been raised by Defendant in its Brief in the Eleventh Circuit, and Plaintiffs' responsive brief is currently due on September 4, 2019.

## Introduction

On May 16, 2019, Defendant noticed its appeal of this Court's April 18, 2019 Order on Cross-Motions for Summary Judgment.  ECF 476.  Defendant filed its Brief in the Eleventh Circuit on August 5, 2019, arguing, *inter alia*, that this Court's Order must be vacated in its entirety, because it does not include a sufficiently detailed explanation of its findings pursuant to the PLRA.  Appellant's Brief, Exh. 1 at 26.

This Court's Order satisfies the requirements of the PLRA.  Indeed, Defendant consented to most of the relief imposed by the Court.  *See* ECF 270.  However, in an abundance of caution and to avoid needless waste of appellate court resources,

Plaintiffs seek a clarification of the April 18, 2019 order, so that this Court may provide more detailed explanations as to the application of each criteria imposed by the PLRA. Even though an appeal is pending, this Court retains the authority to modify or clarify its order pursuant to Federal Rule of Civil Procedure 62(d). In the alternative, should this Court find that it is divested of jurisdiction, Plaintiffs seek an indicative ruling under Federal Rule of Civil Procedure 62.1, which would facilitate a limited remand for this Court to clarify its final order to expressly include a more detailed explanation of the required PLRA findings.

## I. This Court Has Jurisdiction to Clarify Its Order Under Fed. R. Civ. P. 62(d) to Include Express Language on Its PLRA Findings

Federal Rule of Civil Procedure Rule 62(d) provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). *See also Nat. Res. Def. Council, Inc. v. Sw. Marine Inc. ("NRDC")*, 242 F.3d 1163, 1166 (9th Cir. 2001) (noting that Rule 62(d) [formerly 62(c)] preserves the Court's inherent authority to "preserve the status quo" during an appeal); *Newton v. Consol. Gas Co. of N.Y.,* 258 U.S. 165, 177 (1922) ("Undoubtedly, after appeal the trial court may, if the purposes of [j]ustice require, preserve the status quo until decision by the appellate court."). Accordingly, "[t]he district court's power to modify an injunction

3

. . . necessarily includes the lesser power to clarify the injunction to supervise compliance." *Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC,* 985 F.Supp.2d 23, 29 (D.D.C. 2013); *see also Meinhold v. U.S. Dep't of Def.,* 34 F.3d 1469, 1480 n.14 (9th Cir. 1994) ("[The defendant] also contends that the district court lacked jurisdiction to issue its amended order, which broadened the scope of injunctive relief, because an appeal had already been taken from the original order. As the district court issued the amended order to clarify its original injunction and to supervise compliance in the wake of [the plaintiff]'s motion for contempt, it did not lack jurisdiction.").

Here, granting Plaintiffs' request will not modify the scope of the injunction, Defendant's obligations under it, or the benefits flowing to the Plaintiff class. The requirements imposed on Defendant will be exactly the same as they are now. The motion does not raise new claims or issues, but simply seeks clarification of the PLRA findings that the Court already made. The request will preserve the status quo between the parties.

Thus, pursuant to Rule 62(d), this Court may provide clarification of its April 18, 2019 order to provide more detailed reasons why the relief ordered complies with the PLRA.

## II. Alternatively, This Court May Issue an Indicative Ruling That It Would Clarify Its Order Under Fed. R. Civ. P. 62.1.

Should this Court determine that it does not have jurisdiction to clarify its order now that an appeal has been filed, Plaintiffs alternatively ask that this Court issue an indicative ruling to the same effect under Federal Rule of Procedure 62.1. Rule 62.1 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may. . . state . . . that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."[1]

This Court may make an indicative ruling under Rule 62.1 that it would grant a motion to clarify its Order under Federal Rule of Procedure 60(a), or under its inherent authority to modify injunctions, to provide more detailed explanation as to why the relief afforded is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, is the least intrusive means necessary to correct the violation of the Federal right, and that there is no evidence that granting this relief will have any adverse impact on public safety or the operation of the criminal justice system. Rule 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a

---

[1] Similarly, Federal Rule of Appellate Procedure 12.1 provides that "[i]f a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending," the court of appeals may make a limited remand to the district court while retaining jurisdiction over the appeal where the district court has made an indicative ruling that it would grant the motion for relief.

5

judgement. . . . . [but] after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." Rule 60(a) permits a district court to provide "explanations and clarifications of the district court's original intent" and also corrections of "a failure to memorialize part of its decision." *Garamendi v. Henin*, 683 F.3d 1069, 1079, 1081 (9th Cir. 2012) (internal quotation marks and citation omitted); *see also Weeks v. Jones*, 100 F.3d 124, 129 (11th Cir.1996) (Rule 60(a) permits a "correction for the purpose of reflecting accurately a decision that the court actually made[,]" but does not permit a correction that would affect the substantial rights of the parties).

Such modification is appropriate under Rule 60(a) because it would not alter the substantive terms of the order; instead, it would include additional language that "reflect[s] the contemporaneous intent of the district court as evidenced by the record." *Garamendi*, 683 F.3d at 1080 (internal quotation marks and citation omitted). The parties' substantial rights would not be affected. Indeed, as the Court already made the findings, albeit with less detail than is requested here, it is clear that this modification is simply reflecting the Court's original intent, and not addressing new or additional matters.

As an alternative jurisdictional basis, an indicative ruling from this Court under Rule 62.1 that it would grant a Rule 60(a) motion to modify its order to provide

more detailed explanation of its PLRA findings would provide a basis for the Eleventh Circuit to make a limited remand to correct any issue therein.

### III. The Court Should Make the Following Findings Pursuant to the PLRA

This Court has already made the required PLRA findings that its April 18, 2019 order "is narrowly drawn, extends no further than necessary to effect the changes this Court concludes are constitutionally required, and is the least intrusive means of effecting such changes." *Hoffer v. Inch*, 382 F. Supp. 3d 1288, 1315 (N.D. Fla. 2019) (citing 18 U.S.C. § 3626(a)(1)(A)). Although these findings are well-supported by the record, in an abundance of caution and in the interest of justice, Plaintiffs request that the Court clarify its order to include more detailed explanations of its PLRA findings, in accordance with *Cason*, 231 F.3d at 785 (holding PLRA requires district court to make "[p]articularized findings" and provide "analysis" and "explanations" as to the "application of each criteria to each requirement" imposed by prospective relief).

As to the first factor, the order is "narrowly drawn," 18 U.S.C. § 3626(a)(1)(A), as the "scope of the remedy" is "proportional to the scope of the violation." *Brown v. Plata*, 563 U.S. 493, 531 (2011). In fact, Defendant *consented* to the vast majority of the relief imposed by the Court. *See* ECF 270. There is no better indicator of narrow tailoring than the fact that the obligated party acceded to the requirements. Further, Defendant admitted that it "was not adequately

7

monitoring all inmates with cHCV," and that it "fail[ed] to treat inmates with cHCV [] due to a lack of funding." *Hoffer v. Inch*, 382 F. Supp. 3d 1288, 1295 (N.D. Fla. 2019) (quoting ECF 270). The order only requires monitoring and treatment for prisoners diagnosed with chronic hepatitis C—which Defendant admitted it was doing improperly—and makes no revisions to other forms of medical treatment. Under the order, Defendant and its medical contractors still retain the right to make individualized decisions regarding what type of treatment is provided (i.e., the precise medication to be prescribed) and will simply have to abide by the medical standard of care endorsed by Defendant's own expert. An order will not fail the narrow tailoring requirement "simply because it will have collateral effects." *Plata*, 563 U.S. at 531. Any such effects that exist here do not defeat the narrow tailoring requirement.

As to the second factor, Plaintiffs ask that this Court provide clarification that the April 18, 2019 order "extends no further than necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Again, Defendant consented to most of the relief imposed by the Court. *See* ECF 270. Further, while this Court found that the standard of care was to provide antiviral treatment immediately to all patients with chronic hepatitis C and that not treating hepatitis C creates a substantial risk of harm even at the earlier stages of the disease, this Court did *not* order immediate treatment of prisoners with hepatitis C (as would have been warranted by

8

the standard of care). Instead, the Court carefully crafted an implementation schedule, based extensively on medical testimony from Defendant's own expert, that requires treatment within a certain amount of time—from 6 months to two years—based on the severity of the disease. This is particularly true for prisoners at F0 and F1—the main portion of the order that was not consented to by Defendant.[2] Although the standard of care is to provide immediate treatment for all hepatitis C patients, this Court allowed Defendant to delay in providing treatment for those at F0 and F1 for *two years*. Thus, this portion of the Order will not even go into effect until April of 2021. And this was despite the fact that Defendant conceded that it is "inappropriate to only treat those with advanced levels of fibrosis." ECF 270 at 8.

As to the third factor, the order is the "least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The Court gave Defendant notice, opportunity, and time to develop and implement a plan to remedy the violation. Indeed, the majority of this Court's order simply requires the Defendant to comply with its own written policy on hepatitis C treatment, which was informed by the testimony of Defendant's own expert. The Order does not require the Defendant to hire new medical staff, transfer prisoners to certain facilities, or make any particular purchases. The Order merely requires that Defendant use its

---

[2] Other than the PLRA issue, this is the only substantive portion of the Order that Defendant challenges on appeal.

existing measures to identify, test, stage, and treat prisoners with hepatitis C, according to a reasonable schedule that varies based on the severity of the disease.

Finally, Plaintiffs also ask that this Court to clarify that it has given "substantial weight to any adverse impact on public safety or the operation of the criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A). Again, Defendant agreed with most of the relief imposed by the Court. *See* ECF 270. And this Court has already found in its preliminary injunction order that, "both parties' experts testified that treating HCV inside prisons may have great impacts on reducing the prevalence of HCV outside prisons" and that "an injunction in this case would actually *serve* the public interest." *Hoffer v. Jones*, 290 F. Supp. 3d 1292, 1304 (N.D. Fla. 2017). Accordingly, the order serves the public interest because it will greatly reduce the transmission of chronic hepatitis C in Florida. In addition, during the entirety of this case, Defendant provided no evidence that treating chronic hepatitis C would disrupt the operation of Florida's criminal justice system. This portion of the statute "does not require the court to certify that its order has no possible adverse impact on the public." *Plata*, 563 U.S. at 534. But none will occur here. No harm to public safety will result from providing constitutionally adequate medical care.

And the record in this case certainly supports the Court's order. The Court did not come upon this remedy lightly or quickly. The Court has spent a significant

amount of time reviewing records and briefing by the parties. The Court also has reviewed expert opinions documenting Defendants' deliberate indifference to prisoners with hepatitis C. Ultimately, Defendant conceded deliberate indifference and asked this Court to impose injunctive relief in order to correct the obvious harm to class members. *See Hoffer*, 382 F. Supp. 3d at 1296. This Court's order clearly complies with the PLRA.

## Conclusion

Plaintiffs respectfully request that this Court clarify its April 18, 2019 order under Federal Rule of Civil Procedure 62(d) to provide more detailed findings under the PLRA, or in the alternative, to give an indicative ruling under Rule 62.1 that it would grant a Rule 60(a) motion for the same purpose. Further, Plaintiffs respectfully request that this Court consider this motion on an expedited basis because this issue has been raised on appeal.

## Certificate of Attorney Conference

In accordance with N.D. Fla. Loc. R. 7.1(B), Plaintiffs' counsel has conferred with counsel for Defendant FDC, who opposes the relief sought herein.

## Certificate Word Count.

Undersigned counsel, pursuant to Local Rule 7.1(F), certifies the preceding Motion contains 2,548 words.

Respectfully submitted,

Dante P. Trevisani, Esq.
*dtrevisani@floridajusticeinstitute.org*
Erica A. Selig, Esq.
Florida Bar No. 0120581
*Eselig@floridajusticeinstitute.org*

FLORIDA JUSTICE INSTITUTE, INC.
3750 Miami Tower
100 S.E. Second Street
Miami, Florida  33131-2309
Phone 305.358.2081
Fax 305.358.0910

By:   *s/Erica A. Selig*
         Erica A. Selig

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed today, August 19, 2019, the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all persons registered to receive electronic notifications for this case, including all opposing counsel.

By:   *s/Erica A. Selig*
         Erica A. Selig